UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARVIN MOFFETT,
   Plaintiff,

vs.                               Case No. 03-1335

ILLINOIS DEPARTMENT OF CORRECTIONS, et al.,
   Defendants.

## ORDER

This cause is before the court for consideration of Defendant Illinois Department of Corrections motion to dismiss [d/e 19], Defendants Robertson, Snyder and Love's motion for summary judgment [d/e 16] and plaintiff's motion to dismiss. [d/e 25]

### I. BACKGROUND

The plaintiff, Marvin Moffett, brings this action pursuant to 42 U.S.C. §1983 claiming the defendants have violated his constitutional rights. The plaintiff has named six defendants including the Illinois Department of Corrections; Illinois Department of Corrections Director Donald Snyder; Administrative Review Board Member Sheila Love; Lieutenant C. Robertson and Crossroads Work Release Center employees Annie Jefferson and Sharlesha Harris.

The pro se plaintiff does not clearly state his claims in his complaint. He lists each defendant and their involvement. He also has attached several documents to his complaint. Nonetheless, it appears that the plaintiff is claiming that due to a clerical error in the processing of a disciplinary report, an incorrect amount of good time credits was deducted from the plaintiff's records. The plaintiff says when the error was discovered, the defendants did not restore the correct amount of good time credits.

The plaintiff is asking for an apology as well as damages.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of complaints that state no actionable claim. It is well established that pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). See also Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines, 404 U.S. at 521.

When considering whether to dismiss a complaint for failure to state a claim, the court takes the allegations in the complaint as true, viewing all facts and reasonable inferences drawn from those

facts in the light most favorable to the Plaintiff.  <u>Bethlehem Steel Corp. v. Bush</u>, 918 F.2d 1323, 1326 (7th Cir.  1990).

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A "material fact" is one that "might affect the outcome of the suit." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  <u>Id.</u>

A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in evidence of record.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 153 (1970);  <u>Schroeder v. Barth, Inc.</u>, 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  <u>Tolle v. Carroll Touch, Inc.</u>, 23 F.3d 174, 178 (7th Cir. 1994).  "Summary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." <u>Jones v. Johnson</u>, 26 F.3d 727, 728 (7th Cir. 1994).

### III.  DISCUSSION

The defendants correctly point out that the plaintiff cannot bring a suit against the State of Illinois via the Illinois Department of Corrections.  Neither a state nor its officials acting in their official capacities are "persons" under 42 U.S.C. §1983 and therefore cannot be named as defendants.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 71 (1989).

In addition, defendants Snyder, Love and Robertson have demonstrated in their motion for summary judgement that the plaintiff is not entitled to any additional good time credits.   The record shows that four months of good time credits were revoked from the plaintiff's record on December 8, 1998.  Two months were restored on July 10, 2001, and the final two months were restored on September 20, 2001.   The defendants further state "Inmate Moffett has no outstanding Good Conduct Credits that were revoked that have not been restored." (Langston Aff. ,p. 2)

The plaintiff has presented no evidence to rebut the defendants claims.  Instead, the plaintiff has filed a motion to dismiss his complaint against Defendants Snyder, Love, Robertson, Harris and Jefferson. [d/e 25].   The plaintiff says he is asking to dismiss his case because he cannot meet the deadline for filing a response.  In addition, the plaintiff claims he does not have access to the law library.   Lastly, the plaintiff says he knows he will still have to pay the filing fee and has no objection.

The plaintiff has presented no evidence or facts in support of his claim that he was not allowed library time.  The court will grant the Illinois Department of Corrections motion to dismiss the complaint and the remaining defendants' motion for summary judgement.  The plaintiff's motion to dismiss is denied as moot.

IT IS THEREFORE ORDERED that:

1) Defendant Illinois Department of Corrections motion to dismiss the complaint is granted. [d/e 19]

2) Defendants Robertson, Snyder and Love's Motion for summary judgement is granted. [d/e 16]. This case is dismissed in its entirety. The parties are to bear their own costs.

3) The plaintiff's motion to dismiss his complaint is denied as moot. [d/e 25]

4) The agency having custody of the Plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available. If the plaintiff does not have $150.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory appeal fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.

5) The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

6) <u>The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office</u>.

Enter this 3rd day of February, 2005.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE
